■ JADWIGA SZOSTAK, Individually and as Administratrix of the Estate of EDMUND M. SZOSTAK, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 35893.) — Appeal from an award for the death by suicide of a patient at a State hospital for the mentally ill. The Court of Claims found upon preponderant evidence that decedent's suicidal tendencies were known to the hospital authorities and that he was confined in a closed ward where the patients were, for the most part, deteriorated, disturbed and suicidal; that the attendant on duty on the night shift during which decedent came to his death observed decedent out of bed on four occasions between 1:30 A.M. and 4:30 A.M. and on none of these occasions investigated the cause or reported the incident to his superiors although the hospital rules required him to do both in every instance (as the State's supervising psychiatrist testified on examination before trial); that, although there was some light, he could not see into the room clearly but nevertheless failed to have a flashlight with him as was also required by the rules, his flashlight being out of order and in his car; that the State was negligent in maintaining in decedent's room an exposed overhead pipe susceptible of use in committing suicide by hanging, as the State knew, and which decedent did in fact use to commit suicide, his dead body being found hanging from it at 5:30 A.M.; and that these various acts and omissions constituted negligence on the part of the State proximately causing decedent's death. The award was warranted by the negligent construction of the room in which a patient of known suicidal tendencies was confined and by the inadequacy of the supervision afforded him, as measured by the very standards which the State itself established for his care, in and by the hospital rules whereby its attendant was to be governed. We find *Hirsch* v. *State of New York* (8 N Y 2d 125), cited as requiring reversal, not in point. There it was held (p. 127) that once the State attendants had examined the clothing and bed of the patient after he was put to bed, clad only in shorts, they were not required to watch his " every move * * * during 24 hours of the day" or to see that he was "repeatedly wakened and his bed searched during the night", so as to discover a dozen capsules of a barbiturate which no employee had reason to suspect were in his possession. Judgment affirmed, with costs to respondent. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur; Herlihy, J., concurs in the result in the following memorandum: I agree that a predicate for negligence can be an exposed overhead pipe in a room occupied by a patient with suicidal tendencies. The continuance of such a condition, after notice, was readily foreseeable as likely to cause injuries to a classified patient such as the decedent. I disagree with that portion of the majority memorandum which holds that there was inadequate supervision in violation of the hospital rules. In my opinion, it would be unreasonable and unrealistic to require a report on every occasion when a patient gets out of bed. The present record substantiates a finding that the attendant was reasonably performing his duties when he allowed the decedent and other patients out of their beds because of their inability to sleep due to it being a hot night. If any rules were violated, they were not the proximate or other cause of the decedent's death. (*Hirsh* v. *State of New York,* 8 N Y 2d 125, 127; cf. *McCandless* v. *State of New York,* 3 A D 2d 600, 603, affd. 4 N Y 2d 797.)